DocuSign Envelope ID: 51E704EF-6704-40DC-8C87-E85ADA312512

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Travanna Jones and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Jones"), and CF Real Estate Services LLC ("CF Real Estate"), agree to the following:

1. **Consideration.** In consideration for this Settlement Agreement and General Release and compliance with its terms:

   a. Subject to approval of the terms of this Settlement Agreement by the U.S. District Court for the Northern District of Georgia in connection with the case captioned *Jones v. CF Real Estate Services LLC,* Case No. 1:17-cv-5064-AT (the "Action"), CF Real Estate agrees to pay a total of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500.00), and to be apportioned and paid as follows:

      (i) Five Thousand One Hundred Thirty-One Dollars and 25/100 Cents ($5,131.25) will be paid to Jones as back wages. Jones's share of any statutory withholdings and applicable taxes will be withheld from this amount. CF Real Estate will pay the employer's share of any applicable payroll taxes. CF Real Estate will issue an IRS Form W-2 to Jones for this wage portion of the payment.

      (ii) Five Thousand One Hundred Thirty-One Dollars and 25/100 Cents ($5,131.25) to Jones as liquidated damages and other consideration set forth herein. No withholding or tax deductions will occur with regard to this payment. CF Real Estate will issue an IRS Form 1099 to Jones for this non-wages portion of the payment.

      (iii) Seven Thousand Two Hundred Thirty-Seven Dollars and 50/100 Cents ($7,237.50) will be paid to Jones's counsel, Barrett & Farahany, as attorneys' fees and costs. No withholding or tax deductions will occur with regard to this payment. CF Real Estate will issue an IRS Form 1099 for this payment in accordance with applicable laws.

      (iv) The settlement payments set forth under sections 1(a)((i)-(iii) shall be paid by CF Real Estate within (10) days of the Court's approval of this agreement or by April 23, 2018, whichever date is later (and conditioned upon Jones and her attorney providing signed IRS Forms W-9 to CF Real Estate).

   b. Jones agrees to take all action necessary to seek prompt approval of the terms of this Settlement Agreement by the U.S. District Court for the Northern District of Georgia and dismissal of the Action with prejudice.

2. **No Consideration Absent Execution of this Settlement Agreement.** Jones understands and agrees that she would not receive the monies and/or benefits specified in

section "1" above, except for Jones's execution of this Settlement Agreement and the fulfillment of the promises contained herein, and for Jones's Agreement to Dismiss with prejudice Jones's FLSA claims in the Action. Jones will, pursuant to this Agreement, obtain the dismissal of the FLSA claims she has raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

3. **Release of Claims**.

a. **Release of All FLSA Claims**. Jones knowingly and voluntarily releases and forever discharges CF Real Estate, its parent corporations, affiliates, subsidiaries (specifically including, but not limited to, LSI-LA 710 Peachtree, LP d/b/a Solace On Peachtree), divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, owners, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Jones has or may have against Releasees as of the date of execution of this Agreement, involving or related to, any alleged minimum wage or overtime violation of the Fair Labor Standards Act, the Georgia Wage Payment and Work Hour Laws or any other federal, state or local law, rule, regulation, or ordinance related to payment of wages or other compensation. Jones expressly does not herein waive, release or abridge in any way claims or damages under Title VII of the Civil Rights Act, or any other law. Jones's release herein is expressly limited to a release of minimum wage and overtime violations as defined above.

4. **Acknowledgments and Affirmations.** Jones affirms that Jones has not filed, caused to be filed, or presently is not a party, related to or affiliated with any claim or counterclaim against any Releasee, except the claims in the Action. Jones also affirms that the Consideration described in Paragraph 1 above represents adequate compensation her for hours she worked for Releasees through the date of this Agreement as the Agreement constitutes a compromise settlement of a disputed FLSA claim.

5. **Governing Law and Interpretation.** This Settlement Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and/or to seek any damages for breach. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

6. **Non-admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of

wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

       7.    **Amendment**. This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties.

       8.    **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the matters and claims set forth herein, and fully supersedes any prior agreements or understandings between the Parties regarding such matters and claims. Jones acknowledges that Jones has not relied on any representations, promises, or agreements of any kind made to Jones in connection with Jones's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

       9.    **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**The Parties knowingly** and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

**TRAVANNA JONES**

_____      Date: _____

**CF REAL ESTATE SERVICES LLC**

By: _____      Date: 4/12/2018 _____
      Jim Mauck
      Authorized Person

4852-6665-0976, v. 2

wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

7. **Amendment**. This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties.

8. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the matters and claims set forth herein, and fully supersedes any prior agreements or understandings between the Parties regarding such matters and claims. Jones acknowledges that Jones has not relied on any representations, promises, or agreements of any kind made to Jones in connection with Jones's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

9. **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**The Parties knowingly** and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

**TRAVANNA JONES**

_/s/ Travanna Jones_                                    Date: 4·11·18

**CF REAL ESTATE SERVICES LLC**

By: _____                             Date: _____

4852-6665-0976, v. 2

4848-4062-3201.1                     Page 3 of 3